**Stanley Castro LIMTIACO, et al.,
Plaintiffs-Appellants,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**C. A. Nos. 81–4148 to 81–4150.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1982.

Decided April 29, 1982.

John A. Bohn, Agana, Guam, argued, for plaintiffs-appellants; Howard Trapp, Agana, Guam, on brief.

Martin W. Matzen, Washington, D. C., argued, for defendant-appellee; Carol E. Dinkins, Jacques B. Gelin, Washington, D. C., on brief.

Before CHOY and SCHROEDER, Circuit Judges, and JAMESON,[*] District Judge.

SCHROEDER, Circuit Judge:

In 1977 Congress amended the Organic Act of Guam[1] to permit reopening under certain conditions of proceedings in which land had been condemned by the United States between 1944 and 1963 on the Island of Guam.[2] The amendment expressly barred review of acquisitions effected through judicial condemnation proceedings in which compensation was adjudicated "in a contested trial in the District Court of Guam."[3]

Plaintiffs then filed this action in the district court of Guam, alleging that lands owned by their predecessors in interest had been condemned by the United States for less than fair market value. In each of the underlying condemnation proceedings, the plaintiff's predecessor in interest had received notice that suit had been filed in the district court but had made no appearance. The plaintiffs thus urged that there had been no prior adjudication of compensation in a "contested trial," and that they were therefore entitled to review. The district court dismissed the actions for want of jurisdiction, holding that because the plaintiffs' predecessors in interest had been given an opportunity to participate in the earlier proceedings, those adjudications resulted from contested trials within the meaning of the statute. We reverse.

The background of the 1977 amendment is summarized in *Franquez v. United States*, 604 F.2d 1239, 1241–42 (9th Cir. 1979). The amendment was passed in response to protests that, during the last years of the Second World War and the early post-war years, the United States dealt unfairly with Guamanian landowners in acquiring land through condemnation for use as military bases.

The plaintiffs' position in this case is quite simple: they contend that when Congress excluded from review those condemnations in which compensation was determined in a "contested trial," it could not possibly have intended to exclude cases like these in which the condemnee never made a court appearance. Plaintiffs' position is fully consistent with the language of the statute.

---

[*] Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

[1]. 48 U.S.C. § 1421 *et seq.*

[2]. The amendment was accomplished by section 204 of the Omnibus Territories Act of 1977, *codified at* 48 U.S.C. § 1424c.

[3]. 48 U.S.C. § 1424c provides:

(a) Notwithstanding any law or court decision to the contrary, the District Court of Guam is hereby granted authority and jurisdiction to review claims of persons, their heirs or legatees, from whom interests in land on Guam were acquired other than through judicial condemnation proceedings, in which the issue of compensation was adjudicated in a contested trial in the District Court of Guam, by the United States between July 21, 1944, and August 23, 1963 ....

(b) Land acquisitions effected through judicial condemnation proceedings in which the issue of compensation was adjudicated in a contested trial in the District Court of Guam, shall remain res judicata and shall not be subject to review hereunder.

The government, arguing that an "opportunity" to appear and contest in the District Court of Guam meets the "contested trial" standard, nevertheless concedes that its position is inconsistent with the plain meaning of the statutory language. The government urges, however, that we give controlling weight to certain statements made on the floor of the Senate. These statements suggest that Congress intended to correct only the abuses committed by military authorities who, before the District Court of Guam was established in 1950, served as both condemnor and court.

Even if in some circumstances it is permissible to alter an unambiguous statutory provision on the basis of conflicting legislative history,[4] the remarks cited by the government do not permit us to do so in this case. The only statements in the Congressional Record that unambiguously support the government's position are those of Senator Johnston,[5] yet the language from the statute which we are construing was added by the House of Representatives. The statements by the Senator do not purport to give insight into the intent of the House when it inserted the language in question.

Moreover, another aspect of the amendment strongly suggests that the statute was not aimed solely at excesses which occurred at the hands of the Navy prior to the establishment of the district court. The statute allows challenges to compensation awards made prior to August 23, 1963. This is not only thirteen years after the District Court of Guam was created by the Organic Act, but also fully six years after jury trial became available in that court. The statutory benefit is clearly not so limited in scope as the government would have us believe.

The government is also incorrect in suggesting that, as a factual matter, plaintiffs' predecessors in interest had a full and fair opportunity to litigate the question of compensation in the earlier condemnation proceedings. Although they were notified that condemnation proceedings had been filed, they were simultaneously advised that they would be given the opportunity to present evidence at trial on the issue of compensation whether or not they filed an answer or notice of appearance. However, no notice of the trial date some two years later was ever given. Thus plaintiffs' predecessors in interest were never given the customary warning that in the event they did not answer, the proceedings would take place without them.

The judgment is reversed and remanded for consideration of the merits of plaintiffs' claims.

---

4. The Supreme Court has recently stated that "[t]he remarks of a single legislator, even the sponsor, are not controlling in analyzing legislative history." *Chrysler Corp. v. Brown*, 441 U.S. 281, 311, 99 S.Ct. 1705, 1722, 60 L.Ed.2d 208 (1979).

5. Senator Johnston stated:
What I am saying is that unless an individual had the opportunity for such a trial he should be able to contest the value. But if in fact he had the opportunity to contest the value whether or not the value itself was contested, then he has had his day in court. It is essential for procedural fairness, that the opportunity was afforded for an individual to have an impartial determination.
123 Cong.Rec. 31426 (1977).